**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| GERALDINE DUBOIS, Guardian of the Person and Estate of Gregory Steven DuBois, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 12-CV-677-JED-PJC<br>)<br>) |
| THE BOARD OF COUNTY COMMISSIONERS OF MAYES COUNTY, OKLAHOMA; FRANK CANTEY; CHUCK WARD; JEFFERY BARTLETT; S. BROWN; MITCH GOODMAN; EMILY GARCIA; MIKE REED; | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**OPINION AND ORDER**

Before the Court are plaintiff's motion for partial summary judgment based on spoliation (Doc. 141) and defendants' motion to strike that spoliation motion (Doc. 149).

**I. Background**

Gregory Dubois was detained in the Mayes County Jail (Jail) between April 8 and July 16, 2011. His guardian, who is the plaintiff here, alleges that throughout Mr. Dubois' three months in the Jail he exhibited clear signs of distress that Mayes County Sheriff's deputies ignored. Plaintiff alleges that those symptoms were clearly indicative of a serious medical problem, certain consequences of which would have been prevented if Jail staff had timely responded. Specifically, on July 15, 2011, Mr. Dubois began vomiting blood in his isolation cell. When he was later taken to a hospital, it was determined that he had a perforated colon. Plaintiff alleges that the perforation caused vascular changes to Mr. Dubois' right leg, which then had to be amputated. Plaintiff brings this suit under 42 U.S.C. § 1983 and Article 2, § 9 of the

Oklahoma Constitution, based on allegations that the defendants were deliberately indifferent to his serious medical needs in the months and days before he was finally taken to the hospital.

**II.     The Spoliation Motion**

Plaintiff's motion for partial summary judgment is premised upon allegations that defendants failed to preserve video surveillance of an isolation cell and photographs of that isolation cell and a detox cell in which Mr. Dubois was held before he was taken to the hospital on July 16, 2011. Plaintiff asserts that the photographs and video surveillance would have shown blood inside the cells occupied by Mr. Dubois on July 15-16, 2011, which would support his claim that Jail staff delayed seeking medical attention. Because defendants did not produce any video footage or photographs, plaintiff requests that the Court instruct the jury that an adverse inference may be drawn from defendants' failure to produce the evidence.

Initially, defendants move to strike plaintiff's motion, because it is styled as a partial summary judgment motion. (Doc. 149). A motion for summary judgment may be premised on a request for judgment as a matter of law on part of a claim or defense. Fed. R. Civ. P. 56(a). Although the Court agrees that plaintiff's motion is not a typical summary judgment motion, the Court declines to strike it. Instead, plaintiff's motion will be construed as a motion for spoliation sanctions.

Defendants have presented evidence that, while the Jail normally has video surveillance of the outside of the cells, there is no video of the inside of the cells. Defendants accordingly dispute that any video surveillance footage would reflect blood or vomit inside the cell. In addition, plaintiff has not disputed that video surveillance outside of the cells "no longer exists" because videos are recorded on a DVR system which records over itself every 30 days, and defendants were not put on notice of this anticipated litigation until more than 30 days after Mr.

Dubois went to the hospital. (Doc. 152 at 10; *see* Doc. 141-2 at 3).[1] Although there is evidence that photographs were taken of the blood in the cell, the defendants searched, but did not find or produce, any photographs.

A court may impose sanctions for spoliation of evidence only when "(1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence." *Jones v. Norton*, 809 F.3d 564, 580 (10th Cir. 2015) (quoting *Turner v. Pub. Serv. Co. of Colorado*, 563 F.3d 1136, 1149 (10th Cir. 2009); *Burlington N. and Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007)). The imposition of an adverse inference, which is the remedy plaintiff requests here, requires a showing of bad faith. *Jones*, 809 F.3d at 580. "'Mere negligence in losing or destroying' evidence is not enough to support imposition of [the] harsh sanction[ ]" of an adverse inference. *Id.* An inquiry regarding the relevance of a particular piece of evidence is necessary to determine the potential prejudicial effect of any spoliation of that evidence. *Henning v. Union Pac. R.R.*, 530 F.3d 1206, 1219-20 (10th Cir. 2008).

It has not been established that defendants had a duty to preserve the video surveillance of the outside of the cells, because any value of such footage would be minimal, at best, rather than probative. In order to award spoliation sanctions, the courts ordinarily require "meaningful evidence that [a plaintiff] has been actually, rather than merely theoretically, prejudiced." *Burlington*, 505 F.3d at 1032-33. Defendants assert that any video surveillance existing at the time would have captured only the outside of the cell. The Court also concludes that there is no prejudice from the absence of any photographs or video, because the defendants are not disputing that plaintiff was vomiting blood, and it has not been established that any photographs

---

[1] This litigation was initiated by Petition in state court on August 23, 2012, over a year after Mr. Dubois was taken from the Jail to the hospital.

would have identified the timing of the blood in the cell, which is the only point that is critical to plaintiff's claims.

Plaintiffs have also presented no evidence that the defendants acted in bad faith in losing or destroying any photographs or videos. "Mere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case." *Aramburu v. The Boeing Co.,* 112 F.3d 1398, 1407 (10th Cir. 1997).

### III. Conclusion

For the foregoing reasons, defendants' motion to strike (Doc. 149) is **denied**, and plaintiff's motion relating to spoliation sanctions (Doc. 141) is also **denied**.

SO ORDERED this 7th day of March, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE